IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ISADORE REYES RIVERA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-75-Z |
| | § | |
| LORI DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On April 25, 2017, a handwritten pleading was submitted to this Court with the caption identifying "Isadore Rivera" as the petitioner. [ECF 3]. The United States District Clerk accepted the pleading, filing it as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Neither the requisite filing fee or an application to proceed *in forma pauperis* was submitted with the pleading.

The petition is, for the most part, unintelligible and incoherent, but appears to declare petitioner's protection under the Americans with Disabilities Act (ADA) due to a mental disability, to assert discrimination against petitioner based on his disability, to assert various undefined claims of constitutional violations, and to seek petitioner's immediate release from custody. Although the handwriting of the petition appears to be that of another inmate who frequently files pleadings with this Court despite various sanctions against him, the signature of "Isadore R. Rivera" on the petition is printed and could possibly be the writing of another.

On January 19, 2018, this Court entered a *Briefing Order* directing petitioner RIVERA to complete and return for filing an attached questionnaire about assistance provided to petitioner in researching, drafting and filing his claims. [ECF 5]. The Court ordered petitioner to file the questionnaire with the Court by February 16, 2018. Petitioner was warned that failure to fully and timely comply with this Court's order would be construed as a failure to prosecute and could result in a dismissal of the instant cause without further notice.

Also on January 19, 2018, the Court entered an *Order to Show Cause Why Petition for Writ of Habeas Corpus Should Not be Dismissed for Failure to Exhaust State Court Remedies* directing petitioner to file a pleading setting forth with specificity the reasons why this Court should not dismiss his petition for a writ of habeas corpus in order that petitioner may pursue his state court remedies. [ECF 7]. The Court ordered petitioner to file his response on or before February 16, 2018. Petitioner was warned that his failure to timely comply with the Order would result in a recommendation of dismissal of this case without further notice.

As of this date, petitioner has not filed with the Court either the questionnaire or the response to the Order to Show Cause. Petitioner is in direct disregard of both of this Court's January 19, 2018 Orders. Nor has petitioner filed any other responses to the Court's Orders. In fact, petitioner has not communicated with the Court, in any manner, with regard to this case since the initial filing of his pleading on April 25, 2017. It is the opinion of the undersigned that petitioner has neglected his case to such an extent that it warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner ISADORE REYES RIVERA be DISMISSED for want of prosecution.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 26, 2019.

*signature*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).